IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADOLFO A. ROSARIO,<br>        Plaintiff | : CIVIL ACTION - LAW<br>:<br>: NO. |
| v.<br>CHARLES R. HILDEBRAND, ESTES<br>EXPRESS LINES CORPORATION and<br>ESTES EXPRESS LINES,<br>        Defendants | :<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## COMPLAINT

### Jurisdiction And Venue

1. The amount in controversy exceeds the sum of $150,000.00 exclusive of interest and costs.

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332, because the citizenship of the parties is diverse and the amount in controversy for each claim detailed herein is in excess of $75,000.00.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to this cause of action occurred in Lehigh County in the Eastern District of Pennsylvania.

### Parties

4. Plaintiff, Adolfo A. Rosario, is an adult individual residing at 119 West Douglass Street, Reading, Berks County, Pennsylvania 19601.

5. Defendant, Charles R. Hildebrand, is, upon information and belief, an adult individual residing at 27599 Dunstan Court, Milton, Delaware 19968 (hereinafter referred to as "Hildebrand").

{01502373 }

1

6. Defendant, Estes Express Lines Corporation, is, upon information and belief, a business corporation organized and existing under the laws of the Commonwealth of Virginia with a principal place of business located at 3901 West Broad Street, Richmond, Virginia 23230

7. Defendant, Estes Express Lines, is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Virginia with a principal place of business located at 3901 West Broad Street, Richmond, Virginia 23230 (hereinafter Estes Express Lines Corporation and Estes Express Lines are collectively referred to as "Estes").

## Factual Background

8. On or about December 21, 2018 at approximately 4:13 a.m., Plaintiff was lawfully operating his motor vehicle in a generally easterly direction on Interstate 78 in the vicinity of milepost 55 in Salisbury Township, Lehigh County, Pennsylvania.

9. At all times material hereto, Plaintiff was operating his vehicle in the center lane of travel of Interstate 78.

10. At all times material hereto, the weather conditions were rainy and the roadway surface was wet.

11. On or about the aforesaid date at the aforesaid approximate time, Hildebrand was operating a tractor trailer owned by Estes in a generally westerly direction on Interstate 78 in Salisbury Township, Lehigh County Pennsylvania in the vicinity of milepost 55.

12. Plaintiff believes and therefore avers that, at all times material hereto, Hildebrand was operating the tractor trailer in his capacity as the agent, servant, workman, employee and/or assign of Estes and/or under the charge, direction and/or control of Estes.

13. Plaintiff believes and therefore avers that, at all times material hereto, Hildebrand was operating Estes' tractor trailer at speeds too great for the conditions of the roadway then and there existing.

14. Suddenly and without warning, Hildebrand negligently, carelessly and/or recklessly caused Estes' tractor trailer to violently collide with the center concrete median which separates the eastbound and the westbound lanes of travel of Interstate 78, thereby causing large pieces and/or chunks of concrete and other debris to be propelled into and scattered about the eastbound lanes of travel of eastbound Interstate 78.

15. Suddenly and without warning as Plaintiff was lawfully proceeding as aforesaid and utilizing due care under the circumstances, he encountered the aforesaid debris on the roadway, was unable to avoid it and violently collided with it, thereby causing him to lose control of and/or crash his vehicle.

### Plaintiff's Injuries and Damages

16. As a result of the aforesaid occurrences and the concurrent negligence, carelessness and/or recklessness of Defendants in causing them, Plaintiff suffered the following serious and permanent injuries:

   a. A left mid-shaft fracture of the radius;

   b. A closed fracture of the left lateral malleolus of the left fibula;

   c. A fracture of the medial malleolus of the right tibia; and

   d. Bruises, cuts, abrasions and other injuries.

17. As a result of the foregoing, Plaintiff was transported via ambulance to Lehigh Valley Hospital where he was admitted into the emergency department.

18. As a result of the foregoing, a surgical procedure known as a volar plate fixation was performed on Plaintiff's left arm.

19. As a result of the foregoing, Plaintiff has been and may in the future be required to undergo x-rays, CAT scans, MRI's and other invasive medical procedures, as well as ingest various medications and painkillers.

20. As a result of the foregoing, Plaintiff has endured and continues to endure great pain and suffering.

21. As a result of the foregoing, Plaintiff has and will continue to suffer the diminution in his ability to enjoy and life's pleasures.

22. As a result of the foregoing, Plaintiff was medically restricted from working for a period of more than three (3) months.

23. As a result of the foregoing, Plaintiff has suffered a loss of earnings and/or a loss of earning capacity in a presently undeterminable amount.

24. As a result of the foregoing, Plaintiff's economic horizons have been dimmed and he has and will continue to suffer further anxieties, nervousness and depression.

25. As a result of the foregoing, Plaintiff has and continues to suffer from embarrassment, humiliation and mental anguish.

26. As a result of the foregoing, Plaintiff has been and continues to be unable to engage in normal recreational activities and/or household chores.

27. As a result of the foregoing, Plaintiff has required and/or will require further medical treatment which has resulted in past, present and/or future medical expenses.

28. As a result of the foregoing, Plaintiff has been unable to enjoy the pleasures of life and his ability to enjoy said pleasures may be impaired for the remainder of his natural life.

29. As a result of the foregoing, Plaintiff has been disfigured.

30. As a result of the foregoing, Plaintiff has undergone and may continue to undergo further medical care and/or therapies in an attempt to adjust the overall quality of his life.

## COUNT I

### ADOLFO A. ROSARIO
### v.
### CHARLES R. HILDEBRAND
### (Negligence, Carelessness and Recklessness)

31. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 30 as though the same were set forth herein in their entirety.

32. The violent crash and the serious and permanent injuries suffered by Plaintiff were caused by the concurrent negligence, carelessness and/or recklessness of Hildebrand as follows:

   a. In being negligent per se by driving his vehicle in a careless disregard for the safety of other persons and property, in violation of Pa. C.S.A. §3714;

   b. In being negligent per se by driving a vehicle at a speed greater than that which is reasonable and prudent under the conditions and having a regard to the actual and potential hazards then and there existing and at a speed greater than that which would have permitted him to bring his to a safe stop within the assured clear distance ahead, in violation of 75 Pa. C.S.A. §3361;

   c. In being negligent per se by failing to drive his vehicle as nearly as practicable entirely within a single lane and/or moving from said lane without first ascertaining that said movement could be made with safety where the

    roadway had been divided into two (2) or more clearly marked lanes for traffic, in violation of 75 Pa. C.S.A. §3309(1);

d. In being negligent per se by failing to operate his vehicle on the right half of the roadway, in violation of 75 Pa. C.S.A. §3301(a);

e. In operating his vehicle at an excessive speed considering the visibility, potential hazards then and there existing and the assured clear distance ahead;

f. In failing to properly apply the brakes of his vehicle at a time when said vehicle could or should have been able to have been brought to a safe stop prior to colliding with the aforesaid concrete median;

g. In failing to test the brakes of his vehicle before operating it;

h. In failing to have his vehicle under proper and adequate control;

i. In operating his vehicle while extremely tired or under mental or physical incapacity or while otherwise incompetent to do so;

j. In operating his vehicle in such a manner as to disregard the rights of Plaintiff and/or other users of Interstate 78;

k. In causing or allowing his vehicle to leave its proper lane of travel and/or strike and/or collide with the aforesaid concrete median;

l. In causing and/or allowing his vehicle to strike the concrete median and spread large pieces of concrete and/or debris throughout the eastbound lanes of travel of Interstate 78;

m. In failing to sound his horn or otherwise warn Plaintiff of the dangerous condition of the eastbound lanes of travel of Interstate 78;

    n. In causing and/or allowing his vehicle to crash into the aforesaid concrete median;

    o. In failing to keep his vehicle in the proper lane of travel; and

    p. In otherwise being negligent under the circumstances.

WHEREFORE, Plaintiff, Adolfo A. Rosario, demands that judgement be entered in his favor against Defendant, Charles R. Hildebrand, in an amount in excess of $150,000.00 as well as the costs of this suit.

## COUNT II

**ADOLFO A. ROSARIO**
v.
**ESTES EXPRESS LINES CORPORATION
AND ESTES EXPRESS LINES**
(Vicarious Liability/Respondeat Superior)

33. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 32 as though the same were set forth herein in their entirety.

34. At all times material hereto, Estes was acting through its respective agents, servants, workmen, employees, representatives and/or assigns, including but not limited to Hildebrand, who were under the charge, direction, control and/or management and/or on the business of Estes.

35. Estes is liable for the negligent, careless and/or reckless conduct of Hildebrand and/or its other respective employees, agents, servants, workmen, representatives and/or assigns for any conduct which resulted in in the harms suffered by Plaintiff which are more fully described herein.

WHEREFORE, Plaintiff, Adolfo A. Rosario, demands that judgement be entered in his favor against Defendants, Estes Express Lines Corporation and/or Estes Express Lines, in an amount in excess of $150,000.00 as well as the costs of this suit.

## COUNT III

### ADOLFO A. ROSARIO
### v.
### ESTES EXPRESS LINES CORPORATION
### AND ESTES EXPRESS LINES
### (Negligent Entrustment and/or Supervision)

36.  Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 35 as though the same were set forth herein in their entirety.

37.  The violent crash and the serious and permanent injuries suffered by Plaintiff were caused by the concurrent negligence, carelessness and/or recklessness of Estes as follow:

    a. Failing to exercise reasonable care in the selecting, hiring, retaining, screening, monitoring, supervising and/or evaluating of the personnel who operated its vehicles, including but not limited to Hildebrand;

    b. Failing to adequately investigate the qualifications of Hildebrand to operate its vehicle;

    c. Allowing the operators of its vehicles, including but not limited to Hildebrand, to do so without regard to the rights of other lawful users of the roadways, including but not limited to Plaintiff;

    d. In failing to take the steps necessary to protect individuals such as Plaintiff from Hildebrand's negligent operation of its vehicles on the roadway;

e. In employing Hildebrand and entrusting its tractor trailer to Hildebrand despite his tendencies to operate it negligently and/or contrary to the rules of the road and/or applicable law, all of which it knew or should have known;

f. In allowing Hildebrand to operate its vehicles on the roadway despite the fact that it knew or should have known of his inability and/or unwillingness to do so safely; and

g. In otherwise being negligent under the circumstances.

WHEREFORE, Plaintiff, Adolfo A. Rosario, demands that judgment be entered in his favor against Defendants, Estes Express Lines Corporation and/or Estes Express Lines, in an amount in excess of $150,000.00 as well as the costs of this suit.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues triable.

Respectfully submitted,

**LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.**

Kenneth Millman, Esquire
Attorney I.D. No. 75272
2755 Century Boulevard
Wyomissing, PA 19610
(610) 372-3500
*Attorneys for Plaintiff*

Case 5:20-cv-00540-JFL  Document 1  Filed 01/30/20  Page 10 of 12

JS 44 (Rev 02/19) **Leeson** JFL CIVIL COVER SHEET 5:20-540

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

20 540

## I. (a) PLAINTIFFS
ADOLFO A ROSARIO

**(b)** County of Residence of First Listed Plaintiff: BERKS, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth Millman, Esquire, The Law Firm of Leisawitz Heller
2755 Century Boulevard, Wyomissing, PA 19610
(610) 372-3500

## DEFENDANTS
CHARLES R. HILDEBRAND, ESTES EXPRESS LINES CORPORATION AND ESTES EXPRESS LINES

County of Residence of First Listed Defendant: SUSSEX, DE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1391(b)(2) / Pa C.S.A. 3714

Brief description of cause:
Diversity / Careless disregard for the safety of other persons and property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/28/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

JAN 30 2020

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20   540

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 119 West Douglass Street, Reading, Berks County, PA 19601

Address of Defendant: 27599 Dunstan Court, Milton, Sussex County, DE 19968

Place of Accident, Incident or Transaction: Interstate 78 near Milepost 55 in Salisbury Twp., Lehigh County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/28/2020   _____ Attorney-at-Law / Pro Se Plaintiff   75272   Attorney ID # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify)* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Kenneth Millman, Esquire, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

JAN 30 2020

DATE: 01/28/2020   _____ Attorney-at-Law / Pro Se Plaintiff   75272   Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

20   540

ADOLFO A. ROSARIO : CIVIL ACTION

v.
CHARLES R. HILDEBRAND, ESTES
EXPRESS LINES CORPORATION AND
ESTES EXPRESS LINES



NO.    20    540

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 01/28/2020 | Kenneth Millman, Esquire | _(signature)_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (610) 372-3500 | (610) 372-8671 | kmillman@leisawitzheller.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 30 2020